IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARCI LYNN SMITH,            )
                             )
        Plaintiff,            )
                             )
    v.                        )  Civil Action No. 18-1272
                             )
COMMISSIONER OF SOCIAL SECURITY,  )
                             )
        Defendant.            )

O R D E R

AND NOW, this 23rd day of August, 2019, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it

would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred in finding her to be not disabled under the Social Security Act based on two grounds. First, she contends that the ALJ failed to properly evaluate the medical opinion evidence in this matter. Next, she argues that the ALJ's assessment of her credibility was defective. The Court finds no merit in either of these positions and instead finds that substantial evidence supports the ALJ's decision that Plaintiff is not disabled.

Plaintiff first asserts that the ALJ erred in giving "not great weight" to the opinions of her treating psychiatrist, Mary Anne Galonski, M.D. (R. 485-96, 497-99, 549) in finding that she did not meet the requirements of Listings 12.04 and/or 12.06, 20 C.F.R. Part 404, Subpart P, Appendix 1, at Step Three of the sequential analysis, as well as in formulating her residual functional capacity ("RFC"). Plaintiff contends that the ALJ's rejection of Dr. Galonski's opinion was not adequately explained and not supported by substantial evidence. The Court disagrees.

Plaintiff is, of course, correct that when assessing a claimant's application for benefits, the opinion of the claimant's treating physician generally is to be afforded significant weight. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). In fact, the regulations provide that for claims, such as this one, filed before March 27, 2017, a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); Fargnoli, 247 F.3d at 43; Plummer, 186 F.3d at 429. As a result, the ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the ALJ's own judgment or speculation, although he may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided. See Plummer, 186 F.3d at 429. However, it is also important to remember that:

> The ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations. Although treating and examining physician opinions often deserve more weight than the opinions of doctors who review records, "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity[.]" Brown v. Astrue, 649 F.3d 193, 197 n. 2 (3d Cir.2011). State agent opinions merit significant consideration as well.

Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (internal citations omitted in part).

2

Here, Plaintiff argues that the limitations to which Dr. Galonski opined were substantially more restrictive than those included in the RFC and that the ALJ lacked a sufficient basis for rejecting these more onerous limitations. However, in so doing, Plaintiff essentially just disagrees with the ALJ's assessment of the record, arguing that "there is ample support[] for Dr. Galonski's opinion" in the records. (Doc. No. 12 at 15). To the extent that Plaintiff invites the Court to adopt her own analysis as to how consistent Dr. Galonski's opinions is with the record as a whole, the Court emphasizes that, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. See Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986); Berry, 738 F. Supp. at 944 (citing Cotter, 642 F.2d at 705). Likewise, it is not enough that Plaintiff offers her own analysis as to how she believes the record supports Dr. Galonski's opinion. "The presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." Malloy v. Comm'r of Soc. Sec., 306 Fed. Appx. 761, 764 (3d Cir. 2009). The ALJ discussed Dr. Galonski's opinion in significant detail and provided a sufficient basis for his analysis, pointing out inconsistencies between Dr. Galonski's rather extreme opinions and the medical record, including Dr. Galonski's own treatment notes, Plaintiff's moderate Global Assessment of Functioning scores, and several relatively unremarkable mental status examinations. The ALJ also noted that Plaintiff's activities of daily living, including volunteer work and some part-time work, did not support the severity of the limitations included in Dr. Galonski's opinion. (R. 20-21). Moreover, although Plaintiff suggests that the ALJ gave short shrift to the fact that Dr. Galonski was Plaintiff's long-term treating psychiatrist, the ALJ clearly acknowledged and considered this fact. (R. 20).

The ALJ also pointed out that Dr. Galonski's opinion was inconsistent with that of Shelley Ross, Ph.D. (R. 91-103, 104-16), the state reviewing agent. (R. 21). Plaintiff argues, though, that giving more weight to the opinion of Dr. Ross than to that of the treating psychiatrist was improper. However, although "the opinions of a doctor who has never examined a patient have less probative force as a general matter, than they would have had if the doctor had treated or examined him," Morales v. Apfel, 225 F.3d 310, 320 (3d Cir. 2000) (internal quotations omitted), where "the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit." Id. at 317. See also Dula v. Barnhart, 129 Fed. Appx. 715, 718-19 (3d Cir. 2005). The ALJ, of course, "'cannot reject evidence for no reason or for the wrong reason,'" Morales, 225 F.3d at 317 (quoting Plummer, 186 F.3d at 429), and can only give the opinion of a non-treating, non-examining physician weight insofar as it is supported by evidence in the case record, considering such factors as the supportability of the opinion in the evidence, the consistency of the opinion with the record as a whole, including other medical opinions, and any explanation provided for the opinion. See Social Security Ruling 96-6p, 1996 WL 374180 (S.S.A.), at *2 (1996). In certain cases, it would not be unwarranted to give more weight to the non-examining professional's opinion. See Salerno v. Comm'r of Soc. Sec., 152 Fed. Appx. 208 (3d Cir. 2005) (affirming an ALJ's decision to credit the opinion of the non-examining state agency reviewing psychologist because his opinion was more supported by the record than the opinions of the treating physician and the consultative examiner).

Here, the ALJ thoroughly discussed the record and its consistency with the opinion of the state reviewing agent. Plaintiff objects, however, due to the fact that Dr. Ross, who rendered her opinion on June 19, 2015, did not have access to later record evidence, including Dr. Galonski's opinions. It is not unexpected for the record to contain evidence post-dating the state reviewing agent's opinion. Generally speaking, "there is always a time lapse between the consultant's report and the ALJ hearing and decision." Chandler, 667 F.3d at 361. The ALJ acknowledged the time gap and considered it in rendering his decision. The Court further notes that Dr. Galonski gave no indication that she was familiar with Dr. Ross' opinion, nor does her opinion purport to address any changed condition from the date on which Dr. Ross rendered her opinion. Moreover, while there is in fact evidence to which Dr. Ross had no access, the ALJ was aware of and considered and discussed said evidence in weighing the opinions.

Plaintiff next argues that the ALJ incorrectly assessed the credibility of her testimony because he neglected to consider her substantial work history. The ALJ did find that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence of record. (R. 18). In so doing, the ALJ cited to the medical evidence of record and reported daily activities, which he found supported a finding that Plaintiff's impairments reasonably may be expected to produce some limitations, but not to the extent claimed by Plaintiff. (R 17-20). While Plaintiff is correct that the ALJ did not, in making this determination, specifically reference her work history, it was not error not to do so in this case.

A claimant's testimony regarding her subjective pain and work limitations is entitled to great weight where it is supported by competent medical evidence. Furthermore, when the claimant has worked for a long period of time, her testimony about her work capabilities should be afforded substantial credibility. See Dobrowolsky v. Califano, 606 F.2d 403, 409 (3d Cir. 1979); Taybron v. Harris, 667 F.2d 412, 415 n. 6 (3d Cir. 1981); Podedworny v. Harris, 745 F.2d 210, 217 (3d Cir. 1984). However, an ALJ does not err by failing to afford a claimant heightened credibility based *solely* on her work history. See Corley v. Barnhart, 102 Fed. Appx. 752, 755 (3d Cir. 2004). There generally must be other factors, such as evidence of severe impairments or attempts to return to work, for a claimant to be entitled to heightened credibility. See id. It is more significant that the ALJ base his or her credibility determination on a broad view of the record and that the finding be supported by substantial evidence. See Sanborn v. Comm'r of Soc. Sec., 613 Fed. Appx. 171, 177 (3d Cir. 2015).

Here, there is no evidence in the record of any additional factors, such as severe impairments or attempts to return to work, that would warrant a finding of heightened credibility. Indeed, the ALJ discussed at significant length why he found that Plaintiff's subjective complaints were not consistent with the objective medical evidence and her treatment history and activities of daily living. Moreover, the ALJ discussed Plaintiff's subsequent experience as a volunteer and with part-time employment, none of which can reasonably be construed as failed attempts to return to work.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 11) is DENIED and that Defendant's Motion for Summary Judgment (document No. 13) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

Accordingly, the ALJ adequately explained the basis for his findings, and substantial evidence supports his decision. The Court therefore affirms.